### UNITED STATES v. BALLARD OIL CO. OF HARTFORD, Inc.
#### No. 42, Docket 22083.

United States Court of Appeals Second Circuit.

Argued March 6, 1952.

Decided April 3, 1952.

Benjamin ·Hinman, Shipman & Goodwin, Hartford, ·Conn., Robert Ewing, Hartford, Conn., of counsel, for defendant-appellant.

Adrian W. Maher, U. S. Atty., Hartford, Conn., Wallace R. Burke, Hartford, Conn., of counsel, for plaintiff-appellee.

. Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

The only question involved in this appeal is whether the escape of oil from the defendant's tank, which found its way into the Connecticut River at Wethersfield, Connecticut, constituted a violation of § 407 of Title 33 U.S.C.A. Agents of the defendant were emptying one of its barges which lay in the river into a tank on the shore, but they negligently forgot to observe that the tank was already partly full. Consequently they pumped into it 6700 barrels of oil more than it would hold, which spilled over and found its way through a waste pipe into the river. It spread on the surface of the water for a mile upstream and three miles downstream into the "boat basin" at Wethersfield Cove, where it was "maybe one inch thick on top of the water. * * * It covered all the boats in that very distinct covering. I mean just black tarry looking mass on boats." The judge found that "the nature and effect of the oil which escaped was to impede navigation," and fined the defendant $1500.

■ The section creates two separate, though kindred, offences: (1) to "suffer" "refuse matter" to be "discharged, or deposited * * * into any navigable water"; (2) to "suffer * * * to be deposited material of any kind in any place on the bank · of any navigable water, * * * where the same shall be liable to be washed into such navigable water, either by ordinary or high tides, or by storms or floods, or otherwise". Textually, the second clause is limited by the concluding phrase "whereby navigation shall or may be impeded or obstructed"; and that interpretation fits well into its purpose, provided one reads it ·as covering only "material" which gravity alone will not carry into a stream. Considering the probability that the two sentences were not meant to overlap, it is more reasonable to read the second ,sentence in this way; and if so, the facts did not establish

an offence within the second offence; for it needs no argument to show that the defendant in no wise "deposited" the oil "on the bank" of the Connecticut River, in a position from which it was "liable to be washed" away by tide, storm or flood. After the oil had spilled out of the tank, it passed unassisted into a ten inch pipe that carried it into the river because the pipe's terminal valve had been left open. On the other hand, the stipulated facts irrefragably proved an offence under the first clause, as the information charged. The spilled oil was certainly "refuse matter"; it had escaped from the tank whither it could not be reclaimed; and for all useful industrial purposes it had ceased to exist. The word, "refuse," does not demand that the material must have been deliberately thrown away; it is satisfied by anything which has become waste, however useful it may earlier have been.

The only possible embarrassment that can arise from treating the judgment as having been imposed for a violation of the first clause is the possibility that the judge intended to find that it was only a violation of the second; for, if he did not, we have no difficulty in disregarding as irrelevant that part of the finding which declared "that the nature and effect of the oil which escaped was to impede navigation." The defendant must maintain that the judge would not have added this unless he believed that the facts did not prove an offence under the first clause. We see no reason so to confine the finding; to do so we must quite gratuitously impute to the judge the conclusion that the oil had been deposited "on the bank" of the river, which was blatantly untrue, and that the defendant did not "suffer" it to be "discharged" into the river which is just what it had done. He may have supposed that the clause about impeding or obstructing navigation applied to both clauses; or, as is more probable, he may have merely added the finding out of abundant caution. In any event, the addition cannot be made the means of charging him with a complete misunderstanding of the section as a whole.

Judgment affirmed.